UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SCOTT SMITH,

        Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                Civil File No. 17-4211 (MJD/LIB)

HARTMANN'S MOONSHINE
SHOPPE, LLC; PAUL J. HARTMANN;
and ANN M. HARTMANN,

        Defendants.

Padraigin Browne, Browne Law LLC, Counsel for Plaintiff.

No appearance on behalf of Defendants.

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Default Judgment [Docket No. 12] and Motion for Attorney Fees [Docket No. 20]. The Court heard oral argument on April 24, 2019.

## II. BACKGROUND

### A. Factual Background

Plaintiff Scott Smith is a resident of Burnsville, Minnesota. (Compl. ¶ 8.) Smith has arthrogryposis, which prevents him from standing or walking and requires him to use a wheelchair for mobility. (Id. ¶ 9.)

Defendant Hartmann's Moonshine Shoppe, LLC, is a Minnesota limited liability company that operates a liquor store, "Moonshine Shoppe," located in Sauk Centre, Minnesota. (Compl. ¶ 10.) Paul Hartmann and Ann Hartmann are the owners of the real property on which the Moonshine Shoppe is located and lease the property to the Moonshine Shoppe. (Id. ¶ 11.)

On June 24, 2017, Smith attempted to patronize the Moonshine Shoppe but there were no parking spaces reserved for persons with disabilities in the parking lot. (Compl. ¶¶ 12-13; Compl., Ex. A.) Also, the "curb ramp between the parking lot and the raised sidewalk leading to the 'Moonshine Shoppe' appeared to have an excessive slope." (Compl. ¶ 14.) Smith claims that, "[a]s a result of the architectural barriers at building entrances, [he] was deterred from visiting 'Moonshine Shoppe.'" (Id. ¶ 16.) He would like to patronize the Moonshine Shoppe but is deterred from doing so by these architectural barriers. (Id. ¶ 18.) He asserts that he plans to visit the Moonshine Shoppe again in the near future. (Id. ¶ 33.)

B. **Procedural History**

On September 11, 2017, Smith filed a Complaint against Ann Hartmann, Paul Hartmann, and Hartmann's Moonshine Shoppe, LLC in this Court. [Docket No. 1] The Complaint alleges: Count 1: Violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

On September 21, 2017, Paul and Ann Hartmann were served [Docket Nos. 5, 7]; and on September 25, 2017, Hartmann's Moonshine was served [Docket No. 6]. They failed to answer or otherwise respond. On February 5, 2018, the Clerk entered Default against all three Defendants. [Docket No. 11]

On March 19, 2019, Smith filed the current motion for default judgment against all three Defendants. Smith seeks entry of a permanent injunction and an award of attorneys' fees and costs. The Court heard oral argument on April 24, 2019. Only the attorney for Smith appeared. During the hearing, the Court ruled that it would grant the default judgment and ordered Smith to file an affidavit in support of his requested attorney's fees. On May 7, 2019, Smith filed the Declaration of Padraigin Browne in support of the requested attorney's fees. On September 20, 2019, Smith filed a certificate of service on Defendants.

III. **DISCUSSION**

A. **Default Standard**

3

All three Defendants were served, they have all failed to answer or otherwise appear in this matter, and the Clerk's Office has entered default against each of them; thus, this matter is ripe for default judgment. Fed. R. Civ. P. 55.

> Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.

Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

### B. Overview of ADA Claim

> Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. See 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA grants a private right of action for injunctive relief to, inter alia, "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000)

> To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an "injury-in-fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision.

Steger, 228 F.3d at 892 (citation omitted).

> "Title III limits a person subjected to public accommodation discrimination to 'preventive relief,' typically, a temporary or permanent injunction." Disability Support All. v. Heartwood Enterprises, LLC, 885 F.3d 543, 546 (8th Cir. 2018) (quoting 42 U.S.C. § 2000a-3(a); 42 U.S.C. § 12188(a)).
>
>> Therefore, to have Article III standing, [Smith] must prove that architectural barriers at [the Moonshine Shoppe] both caused him actual injury at the time he commenced this action, and that [he] would visit the building in the imminent future but for those barriers.
>
> Id. (citation omitted).

Smith's Complaint adequately alleges a real and immediate threat of future harm because he alleges that he would return to the Moonshine Shoppe in the future but for the lack of an accessible parking space and accessible ramp.

### C. Analysis of Plaintiff's ADA Claim

#### 1. Proper Parties

Smith adequately asserts that he has a disability within the meaning of the ADA because he is unable to walk or stand. See 42 U.S.C. §§ 12102(1)(A), (2)(A).

> Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

5

28 C.F.R. § 36.201(b).

Smith adequately alleges that Defendants are places of public accommodation. A place of public accommodation includes "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," "if the operations of such entities affect commerce." 42 U.S.C. § 12181(7)(E). Defendant Hartmann's Moonshine Shoppe, LLC is the operator and lessee of the real property and improvements that are the subject of Smith's Complaint, the retail liquor store "Moonshine Shoppe." Defendants Paul and Ann Hartmann are the owners and lessors of the real property and improvements that are the subject of the Complaint, the Moonshine Shoppe.

### 2. Architectural Barrier

"ADAAG stands for 'ADA Accessibility Guidelines.' The ADAAG is a comprehensive set of structural guidelines that articulates detailed design requirements to accommodate persons with disabilities." Davis v. Anthony, Inc., 886 F.3d 674, 676 n.2 (8th Cir. 2018) (citation omitted). "ADAAG standards define whether an architectural or other feature of a facility is a 'barrier' that discriminates against disabled persons in violation of the ADA." Loskot v.

Mathews, No. 2:09CV00011 JAM-KJM, 2010 WL 1173053, at *2 (E.D. Cal. Mar. 23, 2010) (citation omitted).

ADAAG 208.2 requires at least one accessible parking space in a parking lot of 25 or fewer spaces. 26 C.F.R. Part 1191, App'x B. ADAAG 216.5 and 502.6 require that accessible parking spaces be reserved through signage posted at least 60 inches above the surface of the parking lot. 26 C.F.R. Part 1191, App'x C, D. ADAAG 502.2 requires accessible parking spaces to have adjacent access aisles. 26 C.F.R. Part 1191, App'x D. ADAAG 405.2 requires curb ramps to have slopes no steeper than 1:12; although a slope up to 1:8 is permitted in existing sites with space limitations. Id.

When Plaintiff visited the Moonshine Shoppe's parking lot, it had no designated handicapped parking spot, no handicapped parking signage, no access aisle, and an "excessive" slope steeper than 1:12.

Smith asserts that he sometimes travels by wheelchair van and requires an accessible parking space with an adjacent access aisle in order to make a safe transfer between the wheelchair van and the parking lot. (Compl. ¶ 21(a), (b).) Smith notes that, without an access aisle, someone might park next to the van and prevent him from being able to get back into the van until the obstructing

vehicle was moved. He further asserts that low or missing signage makes it difficult for him to find accessible parking and increases the chance that someone else will inadvertently park in the handicapped parking spot. A steep slope makes it difficult for Smith to use the ramp and can cause uncontrolled ascents and descents or falls. (Compl. ¶ 21(c).)

### 3. Readily Achievable Affirmative Defense

"The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). In determining if a modification is readily achievable, the Court considers the nature and cost of the modification, the financial resources of the defendant, and the type of operation run by the defendant. Id.

The question of whether modifications are "readily achievable" is an affirmative defense. Wong v. Muddy Pig, Inc., No. CIV. 14-3334 RHK/TNL, 2015 WL 225231, at *3 (D. Minn. Jan. 16, 2015). By failing to answer, Defendants have waived the readily achievable defense.

Even if the readily achievable defense were not waived, it does not apply here. Installing an accessible parking space is low cost and easy to do. (Compl. ¶ 24.) Federal regulations list "[c]reating designated accessible parking spaces"

and "[i]nstalling ramps" as examples of steps to removing barriers, 28 C.F.R. §§ 36.304(b)(1), (18).

### 4. Current State of the Parking Lot

Smith has submitted an affidavit by Peter Hansmeier. Hansmeier avers that he visited the Moonshine Shoppe in February 2019. (Hansmeier Decl. ¶ 2.) There was one handicapped parking space marked with a new sign that was "posted low to the ground," and there was no designated access aisle. (Id. ¶¶ 3-4.) No modification had been made to the curb ramps between the parking lot and the raised sidewalk surrounding the building. (Id. ¶ 5.) Smith argues that he still cannot safely visit and enter the Moonshine Shoppe.

### 5. Permanent Injunction

Smith is entitled to a permanent injunction because he has suffered an irreparable injury by being discriminatorily excluded from the full and equal enjoyment of the Moonshine Shoppe. There is a real and immediate threat of future injury when he attempts to visit the Moonshine Shoppe again. The balance of the hardships weighs in Smith's favor because the modifications required by the ADA are readily achievable. The public interest favors enforcing the ADA, a remedial statute against discrimination, which furthers the public

9

policy of a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

### D. Attorneys' Fees

Smith requests an award of $5,125 in attorneys' fees and $617.47 in costs. "The ADA gives a court discretionary authority to grant the prevailing party attorneys' fees." Shrader v. OMC Aluminum Boat Grp., Inc., 128 F.3d 1218, 1220 (8th Cir. 1997) (citing 42 U.S.C. § 12205).

> The District Court has discretion in determining the amount of the award because it has the greatest exposure to, and therefore understanding of, the proceedings before it. The District Court must determine whether the requested fee amount is reasonable in light of the level of the success achieved.

Id. "Federal courts employ the lodestar method, which multiplies the number of hours worked by the prevailing hourly rate, when calculating reasonable attorney's fees." Childress v. Fox Assocs., LLC, 932 F.3d 1165, 1172 (8th Cir. 2019).

The Court awards Plaintiff his reasonable attorneys' fees and costs because he has achieved a judgment in his favor. Counsel's hourly rate of $350 per hour is reasonable for the Twin Cities market for an attorney with counsel's level of experience pursuing this type of lawsuit. The rates for the paralegal and accessibility specialist are also reasonable. The Court has carefully reviewed the

time records submitted by counsel. Overall, the Court finds that the time spent on this litigation, as shown in the billing records, was reasonable. However, there are two separate entries for February 25, 2019 that bill time for the same internal meeting. The Court will reduce these entries to eliminate double billing. See, e.g., Block v. Starbucks Corp., No. 115CV00991DADCKD, 2018 WL 4352906, at *12 (E.D. Cal. Sept. 11, 2018) ("While it is reasonable to spend some time coordinating legal resources, it is not reasonable to double or triple-bill a client for internal meetings. As such, the court disallows the following hours where a paralegal and an attorney, or two attorneys, have billed for the same internal conference . . . .") (citation omitted). Thus, only the $100 entry for Peter Hansmeier's time will be awarded; the Court will eliminate the $175 entry for Padraigin Browne's time for the same meeting. The total amount of billed time remaining as reflected in the billing records is $5,125, which is the amount of attorney's fees requested by Plaintiff. Thus, the Court awards Plaintiff the entire amount of requested attorney's fees.

The amount of costs requested by Plaintiff, $617.47, is also reasonable and supported by the record.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Default Judgment [Docket No. 12] is **GRANTED**. Defendants Hartmann's Moonshine Shoppe, LLC; Paul Hartmann; and Ann Hartmann shall, at the Moonshine Shoppe located at 1161 Main St. S., Sauk Centre, Minnesota 56378, a) install at least one parking space (and adjacent access aisle) which complies with all aspects of Section 502 of the 2010 ADAAG standards; and b) install a curb ramp which complies with section 406 of the 2010 ADAAG standards.

2. Plaintiff's Motion for Attorney Fees [Docket No. 20] is **GRANTED** as follows: Defendants Hartmann's Moonshine Shoppe, LLC; Paul Hartmann; and Ann Hartmann are jointly and severally liable to Plaintiff for $5,742.47 in attorney's fees and expenses.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 2, 2019

s/ Michael J. Davis
Michael J. Davis
United States District Court